IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRIC OF ALASKA

IN THE MATTER OF THE ARREST OF

**Ralph Norman Wells**

Case No.: 4:20-mj-00062-SAO

AFFIDAVIT OF JACK LEBLANC IN SUPPORT OF COMPLAINT

1. I, Jack LeBlanc, am an Alaska State Trooper and Task Force Officer with the Drug Enforcement Administration in Fairbanks, Alaska, and in that capacity declare and state as follows:

2. I have been employed as an Alaska State Trooper since August of 2007. I successfully completed the Alaska Department of Public Safety Alaska Law Enforcement Training Academy and Alaska Department of Public Safety Trooper Basic Academy. I have an Alaska Police Standards Council Advanced Police Officer certification.

3. I have been an investigator with the Alaska Bureau of Investigation and has successfully investigated homicides, sexual assaults, sexual assaults of minors, and misconduct involving a controlled substance cases. I completed a 6-week Detector Canine Academy through the Alaska State Trooper K-9 Unit with K-9 Naja on June 15, 2018, and certified as a K-9 Drug Detection Team.

4. To prepare this affidavit, I relied on my own personal knowledge from my participation in the investigation, as well as statements from other law enforcement officers and other specific sources identified herein. The information below is only a summary.

5. On April 2, 2020 at approximately 1641 hours, Fairbanks AST received a report of a suspicious vehicle bearing AK plate EPD252 at a commercial parking lot on Koba Way in Fairbanks from a business owner at that address. Before Troopers contacted the vehicle, they learned that AST previously contacted Ralph Norman Wells in that vehicle and that Wells was on felony Probation and Parole.

6. APSIN / NCIC showed that Wells had been convicted of Assault in the Second Degree in state court case number 4FA-13-01088CR and Attempted Misconduct Involving a Controlled Substance in the Third Degree in state court case number 4FA-15-01992CR. Both offenses are felonies under Alaska law punishable by over 12 months imprisonment. APSIN / NCIC also showed that Wells was on parole in both cases, and that he remained on probation for Assault in the Second Degree. My subsequent review of Wells' criminal history indicates that he was sentenced to an active term of imprisonment in each case exceeding twelve months.

7. AST Patrol contacted the vehicle and observed Wells sleeping in the driver's seat of the pickup truck. Troopers identified Wells by a DMV photo. Troopers observed an eyeglasses case on his lap, and based on their training and experience they knew it is common for people who use drugs to keep drugs and related

paraphernalia in these cases. Troopers also saw a knife secured under the dashboard. There was a female passenger in the truck as well.

8. Wells told Troopers he was waiting for the Snap-On tool truck to arrive at that location. AST dispatch contacted the complainant at the business who advised they did not have any expected deliveries from Snap-On. Troopers observed the vehicle was not parked in a parking space and appeared out of place.

9. Troopers contacted Wells' probation officer, who asked Troopers to search Wells' person and vehicle. Troopers asked Wells to get out of the car. As he did so he told the Troopers he had a handgun in a shoulder holster as well as a syringe and methamphetamine on his person. A Trooper who searched Wells found a semi-automatic Ruger .45-caliber handgun with an altered serial number, a syringe, and approximately four gross grams of a substance that appeared to be methamphetamine. In the vehicle, troopers found an additional 2.6 grams of heroin inside the glasses case that had been on Wells' lap, $400 in cash, and a digital scale. Wells was then placed under arrest.

10. I was contacted and requested to respond to the scene to speak with Wells. Upon arriving on scene I read Wells his Miranda warning and he stated he wanted to speak with me. Wells admitted the pistol was in his possession, he was a convicted felon, and he knew that the pistol's serial numbers had been altered. Wells also stated he has been dealing methamphetamine. Wells told me he received one-half an ounce of meth yesterday, which is about fourteen grams, and that he had sold all of it besides the 4 to 5 grams of methamphetamine on his person.

Affidavit
4:20-mj-00062-SAO

Page 3 of 4

Case 4:20-cr-00009-RRB-SAO   Document 1-1   Filed 08/18/20   Page 3 of 4

11. The methamphetamine taken from Well's person was sent to Drug Enforcement Administration's laboratory for drug analysis. The lab reports confirmed the substance was methamphetamine and that the net weight (i.e., the weight without packaging) of the methamphetamine was 5.209 grams.

12. I sent information about the gun seized from Wells to the Bureau of Alcohol, Tobacco, and Firearms, including photos of the firearm, to determine whether the firearm had been transported in interstate or foreign commerce. Special Agent Sarah Foreman stated that based on her preliminary review of this information, as well as her training and experience as an ATF Special Agent and expert in firearms identification, her opinion is that the firearm could not be present in Alaska unless it had travelled in interstate commerce.

JACK LEBLANC
AK State Trooper
Task Force Officer

~~Subscribed and~~ sworn to before me

This 18th day of August, 2020



Scott A. Oravec
United States Magistrate Judge

District of Alaska

Fairbanks, Alaska

Affidavit
4:20-mj-00062-SAO

Page **4** of **4**